# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# AT DETROIT

JONATHAN A. LOPEZ-BRIONES,

        Petitioner,       :      Case No. 2:16-cv-12790

- vs -                      District Judge Thomas A. Rose
                                  Magistrate Judge Michael R. Merz
                                  (both by assignment)

ROBERT NAPEL,

                                                :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. § 2254 brought *pro se* by Petitioner Jonathan A. Lopez-Briones to obtain relief from his conviction on two counts of first-degree murder, one count of armed robbery, one count of carjacking, and one count of possession of a firearm during the commission of a felony and consequent sentence of life imprisonment.

Lopez-Briones was convicted by a jury in the trial court and appealed to the Michigan Court of Appeals which affirmed the conviction. *People v. Lopez-Briones*, No. 318522, 2015 WL 302673 (Mich. Ct. App. Jan. 22, 2015), leave to appeal denied, 864 N.W.2d 571 (Mich. 2015).

Petitioner pleads one ground for relief:

> **Ground One:** Trial counsel was constitutionally ineffective when he decided that he could continue as counsel where there was a conflict of interest after he was assaulted by Petitioner and the conflict adversely affected counsel's performance when counsel failed to protect his client's constitutional rights by requesting that Petitioner be present in the courtroom in shackles and handcuffs in view of the jury.

(Petition, ECF No. 1, PageID 7.)  In his statement of supporting facts, Petitioner admits that on August 27, 2013, as the trial was beginning, he punched his trial attorney, Robert Slameka, in the mouth in full view of the jury.  Thereafter the trial judge excused the jury and asked Mr. Slameka if he could continue.  He agreed to do so and a new jury was impaneled.  Thereafter on August 29, 2013, when Petitioner insisted on testifying in his own behalf over counsel's advice, the question was raised about how he should be brought into the courtroom.  A court officer indicated that he should be shackled at his waist and feet.  Slameka objected, but conceded, based on Petitioner's prior behavior, that the court was required to take precautionary measures.  *Id.*

In the Return of Writ, Respondent argued this claim had not been presented to any Michigan court and was therefore unexhausted (Return, ECF No. 5, PageID 68).  When Magistrate Judge R. Steven Whalen ordered the State to respond, he provided that Petitioner would have forty-five days after the return was filed "to submit a reply."  (Order Requiring Responsive Pleading, ECF No. 2, PageID 47.)  The docket reflects that the Return of Writ was filed February 3, 2017, that it contains a Certificate, and that it was mailed to Petitioner at his place of incarceration (ECF No. 5, PageID 81).  Petitioner has never filed a reply to the Return.

# Analysis

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts.  28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  The exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex*

*parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, 28 U.S.C. § 2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214), provides, "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." "[P]rinciples of comity and federalism require that unexhausted claims be decided in the first instance by the state courts in the absence of exceptional or unusual circumstances," even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409, 1410-11 (6th Cir. 1996)(*per curiam*)(*en banc*). Here the State of Michigan relies expressly on lack of exhaustion as a defense.

As Respondent notes in the Return of Writ, a habeas court faced with an unexhausted claim may do one of three things: dismiss the petition without prejudice, dismiss the petition on the merits, or stay the petition pending a state court decision. The last option, created by the Supreme Court's decision in *Rhines v. Weber*, 544 U.S. 269 (2005), is available only if the petitioner can show good cause for his delay in pursuing a claim in the state courts. Petitioner was advised of Michigan's reliance on this standard in February 2017, but has made no effort to show such good cause. Similarly, the second option of denying the petition on the merits undercuts the comity interest in allowing the state courts to decide the issue in the first instance.

This leaves the Court with the first option. Because Petitioner has offered nothing in reply to the Return of Writ, the Magistrate Judge believes this is the correct option to take. Accordingly, it is hereby respectfully recommended that the Petition herein be dismissed without prejudice for failure to exhaust available state court remedies. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not

be permitted to proceed *in forma pauperis*.

October 1, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).#