# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# AT DETROIT

JONATHAN A. LOPEZ-BRIONES,

        Petitioner,        :        Case No. 2:16-cv-12790

- vs -                              District Judge Thomas A. Rose
                                      Magistrate Judge Michael R. Merz
                                      (both by assignment)

ROBERT NAPEL,

                                        :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR PRODUCTION OF RULE 5 MATERIALS

This is an action pursuant to 28 U.S.C. § 2254, brought *pro se* but with the assistance on an inmate law writer, by Petitioner Jonathan A. Lopez-Briones to obtain relief from his convictions in the Michigan courts on murder and associated crimes. It is before the Court on Petitioner's Motion for Production of All Rule 5 materials.

The record reflects that Magistrate Judge Whalen ordered an answer in this case less than a week after it was filed (ECF No. 2). The State of Michigan answered and filed approximately seven hundred pages of Rule 5 materials on February 3, 2017 (ECF No. 6). That filing was accompanied by the required certificate of service showing paper copies were sent to Petitioner the same day. *Id.* at PageID 85). Petitioner does not deny that he received these materials.

Judge Whalen had set a date for Lopez-Briones to file a reply of forty-five days after the answer was filed which was March 20, 2017. Petitioner did not file a reply within that time and

1

in fact did nothing between then and the date this case was assigned to the above-named District Judge and Magistrate Judge by assignment on September 25-26, 2019 (ECF Nos. 8, 9).

Upon review of the case upon reference, the undersigned saw that the State had requested a dismissal without prejudice for lack of exhaustion because Lopez-Briones had never presented his habeas claims to the Michigan courts and recommended dismissal without prejudice on that basis (Report and Recommendations, ECF No. 10). When Petitioner filed no objections, District Judge Rose adopted that recommendation (ECF No. 11). When Petitioner complained that he had not been served a copy of the Report (ECF No. 13), the Court vacated the judgment, directed that Lopez-Briones be served with a copy of the Report, and re-set the deadline for objections to December 6, 2019 (ECF No. 14).

Petitioner brings his instant Motion under 28 U.S.C. § 2250 which provides that the Clerk shall furnish an indigent petitioner without with certified copies "of such documents or parts of the record on file in his [or her] office as may be required by order of the judge before whom the application is pending." This provision is part of the Judicial Code as adopted in 1948 and has not been amended since. Its utility has largely been superseded by the requirement of the Rules of Civil Procedure that anything filed with the Clerk must be served on all parties in the case, which is what happened here.

Petitioner says he needs another copy because, at some unspecified time in the past, some anonymous guard or guards at his institution of confinement lost or destroyed his copy of the State Court record. No detail at all is given. Did this happen before or after March 20, 2017, when his reply was due to be filed? Did it happen before or after this case was re-assigned to the above judges? Why has Petitioner waited until the very eve of the due date for his objections to riase this issue?

2

If in fact there were some corroboration to Petitioner's claim and Petitioner were in present need of the documents, the Court would be inclined to order that the Rule 5 materials be refurnished by Respondent whose agents (the unnamed prison guards) are alleged to be responsible to the loss or destruction of the first copy.

But the Magistrate Judge finds that reproduction of those materials is not presently necessary. The recommendation before the Court is that the case be dismissed without prejudice lack of exhaustion. Petitioner has now had more than two and one-half years to respond to that defense. He does not need trial transcripts to dispute that point if in fact it is disputable. If that recommendation is adopted and Petitioner re-files a new case after exhausting state court remedies and the Court again orders an answer, the State will be ordered to provide a new copy of the Rule 5 materials. But they are not needed to respond at this time to the lack of exhaustion defense.

Petitioner's Motion is DENIED.

December 9, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge