# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# AT DETROIT

JONATHAN A. LOPEZ-BRIONES,

          Petitioner,    :    Case No. 2:16-cv-12790

- vs -                      District Judge Thomas A. Rose
                              Magistrate Judge Michael R. Merz
                              (both by assignment)

ROBERT NAPEL,

                            :
          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This habeas corpus case is before the Court on Petitioner's Objections (labeled Notice of Appeal")(ECF No. 20) to the Magistrate Judge's Substituted Report and Recommendations recommending dismissal of the Petition (ECF No. 19). District Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 22).

      In part Petitioner objects to the Magistrate Judge's refusal to order that the State or the Clerk provide him with an additional copy of the State Court Record. The Magistrate Judge filed his decision to that effect on December 9, 2019 (ECF No. 16). Under Fed.R.Civ.P. 72(a), Petitioner had until December 26, 2019, to file objections to that Order, but he did not file his instant Objections until December 30, 2019 (See ECF No. 20, PageID 842). The Objections as to production of the State Court Record are therefore untimely.

      Those Objections are also contradicted by the record. In them Petitioner asserts he never received the State Court Record and that the Magistrate Judge doesn't understand how things are

1

done in Michigan. He asks for some documentation that he was previously furnished with the State Court Record. The Magistrate Judge notes two documents. First of all, in asking for a copy, Lopez-Briones himself claimed that he had received a copy but it has been lost or destroyed by Michigan correction officers (ECF No. 15, PageID 811, 816). Second, when the State Court Record was filed, the Respondent provided a certificate of service of the record on Petitioner (ECF No. 6, PageID 85). That certificate, required by Fed.R.Civ.P. 5, was filed February 3, 2017, and Petitioner has not disputed its accuracy until now.

Petitioner's Objections on the merits of the Substituted Report and Recommendations are timely because the deadline for filing them was January 3, 2020.

Although they are timely, Petitioner's Objections on the merits are without merit. Petitioner relies on *Haines v. Kerner*, 404 U.S. 519 (1972), for the proposition that a *pro se* litigant is entitled to liberal construction of his or her pleadings. Lopez-Briones has already received the benefit of that case law. Respondent argued that Petitioner's conflict-of-interest claim was unexhausted, depending on a distinction between *Cuyler v. Sullivan,* 446 U.S. 335 (1980), and *Strickland v. Washington,* 466 U.S. 668 (1984). The Substituted Report rejected that argument and found that Lopez-Briones has fairly presented his conflict of interest claim tom the Michigan Court of Appeals and that court had decided the claim on the merits.

The Substituted Report found that the Michigan Court of Appeals decision was neither contrary to nor an objectively unreasonable application of United States Supreme Court precedent on ineffective assistance of trial counsel. The Objections make no response on that point.

**Conclusion**

Upon reconsideration, the Magistrate Judge again respectfully recommends that the petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 10, 2010.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.