# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# AT DETROIT

JONATHAN A. LOPEZ-BRIONES,

        Petitioner,        :        Case No. 2:16-cv-12790

  - vs -                        District Judge Thomas A. Rose
                                Magistrate Judge Michael R. Merz
                                (both by assignment)

ROBERT NAPEL,

                                :
        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Jonathan A. Lopez-Briones under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 25) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 23). In the Supplemental Report the Magistrate Judge adhered to the recommendation he had made in his Substituted Report and Recommendations that the Petition should be dismissed with prejudice (ECF No. 19).

As required by Fed.R.Civ.P. 72(b), the District Judge has reviewed *de novo* all portions of both Magistrate Judge Reports to which timely objection has been made. The Objections are ruled on as follows.

The Magistrate Judge denied a request from Petitioner to produce to him a copy of all the materials filed by Respondent under Rule 5 of the Rules Governing § 2254 Cases (Decision and Order, ECF No. 16). That order was filed and served on Petitioner on December 9, 2019. As part of his Objections to the Substituted Report, Petitioner objected to this decision. Considering that

1

objection on recommittal, the Magistrate Judge noted that "[u]nder Fed.R.Civ.P. 72(a), Petitioner had until December 26, 2019, to object to the order, but did not do so until December 30, 2019 (Supplemental Report, ECF No. 23, PageID 846). Thus he ruled that the objections to denial of the Rule 5 materials was untimely. *Id.*

Petitioner now objects that the December 16, 2019, order was not a report and recommendations to which there was a fourteen-day limit on objections (Objections, ECF No. 25, PageID 859-60). Petitioner is correct that the order in question was not a report and recommendation, but a "direct denial." *Id.* at PageID 860. The Motion for Production of Rule 5 materials was not a motion on which the Magistrate Judge was required to file a report and recommendations. Instead, it was a Magistrate Judge order on a non-dispositive pre-trial motion. Magistrate Judge are authorized to make such decisions in cases that are referred to them, instead of recommending a decision to the District Judge. Parties still have a right to review of such orders by an Article III judge, but Fed.R.Civ.P. 72(a) limits their time to seek such review to fourteen days after service of the order. Because Petitioner did not seek review within that time, the Court ADOPTS the Magistrate Judge's ruling that the objections to the Order on production are untimely and therefore OVERRULED.

The prisoner assisting Lopez-Briones with his case insists that the Magistrate Judge does not understand "how the Michigan Judiciary system works" and insists Michigan prisoners are not given Rule 5 materials even if the Michigan Attorney General serves them and certifies that they have been served as required by Fed.R.Civ.P. 5. (Objections, ECF No. 25, PageID 860-61). Although the Magistrate Judge and the undersigned District Judge are primarily familiar with how Fed.R.Civ.P. 5 is applied in Ohio habeas cases, the Rule is national in its application. Failure of

the Michigan Attorney General to actually make service of Rule 5 materials, despite having certified that he or she had done so, would raise serious constitutional questions.

Those questions need not be addressed here, however, because Petitioner admitted having received these materials previously but claimed "he needs another copy because, at some unspecified time in the past, some anonymous guard or guards at his institution of confinement lost or destroyed his copy of the State Court record." (Quoted at Order, ECF No. 16, PageID 822).

In his Objections, Petitioner clarifies his position on prior receipt of the Rule 5 materials. He now asserts he received them from his appellate attorney and he had them at the time he filed the Petition (ECF No. 25, PageID 861). He says he did not need them at the time the answer was filed; "thus he did not file a request/motion" for them at that time. But that was precisely the time when Petitioner needed them: he was under time deadline of forty-five days to respond to the Answer by filing a reply (See Order Requiring Responsive Pleading, ECF No. 2, PageID 47).

In his second Objection, Lopez-Briones asserts that the Michigan Court of Appeals decision on his conflict of interest/ineffective assistance of trial counsel claim is "contrary to *Strickland v. Washington,* 466 U.S. 668 (1984)," but he makes no argument for that conclusion. Because Lopez-Briones could point to no specific deficient performance in his attorney's conduct after the assault, the Magistrate Judge concludes "Lopez-Briones' claim depends on a finding, under either *Strickland* or *Cuyler* [*Cuyler v. Sullivan,* 446 U.S. 335 (1980)], that any assaulted attorney cannot effectively proceed with a trial. Accepting that argument would put a completely unacceptable premium on assaulting one's defense attorney. The Constitution does not require the Court to reward that sort of behavior." (ECF No. 19, PageID 837-38.) The Court finds no error in that conclusion and it is hereby ADOPTED.

**Conclusion**

In accordance with the foregoing analysis, it is hereby ordered that the Petition herein be dismissed with prejudice and the Clerk is ordered, pursuant to Fed.R.Civ.P. 58, to enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 10, 2020 *s/Thomas M. Rose

Thomas M. Rose
United States District Judge
(by appointment)
